IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION



FILED

JUN 02 2017

Clerk, U.S. District Court
District Of Montana
Helena

| | |
|---|---|
| DRAKE WATER TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> NATIONAL-OILWELL VARCO, L.P., <br><br> Defendant. | No. CV 17-38-H-SEH <br><br> ORDER |

## Background[1]

Plaintiff Drake Water Technologies, Inc. filed this action in state court on February 23, 2017, alleging claims related to work developing an industrial waste cleanup technology, "ThermFlo," for use in the oil and gas industry. The amended complaint describes ThermFlo as a technology "designed to be a mobile, thermal process for on-site remediation of organically contaminated solids derived

---

[1] Document pinpoint citations reference the CM/ECF system page numbers.

primarily from the production of crude oil."[2] The Defendant, National-Oilwell Varco, L.P. ("NOV"), in its Answer to Amended Complaint, asserts it "provides services to the oil and gas industry, including services related to environmental remediation."[3]

On February 1, 2015, Plaintiff and NOV entered into a Consultant Agreement by which Plaintiff "agree[d] to provide certain engineering, testing and development services to NOV."[4] NOV, in its Answer to Amended Complaint, states "it paid Plaintiff to work on developing the ThermFlo technology during 2015."[5] Plaintiff asserts NOV later agreed to support Plaintiff's application for grant funding from the North Dakota Industrial Commission ("NDIC") to develop a mobile ThermFlo unit.[6]

The case was removed to this Court on March 28, 2017.[7] An amended complaint was filed on April 16, 2017, alleging five counts related to NOV's failure to support the grant application: Breach of Contract, Promissory Estoppel,

---

[2] Doc. 11 at 3.

[3] Doc. 18 at 3.

[4] Doc. 7-1 at 2.

[5] Doc. 18 at 4.

[6] *See* Doc. 11 at 5.

[7] Doc. 1.

Equitable Estoppel, Surety Obligations, and Attorney Fees.[8] NOV counterclaimed asserting, *inter alia*, that Plaintiff breached the February 1, 2015, Consultant Agreement and that NOV is entitled to a declaratory judgment that it is the rightful owner of certain inventions under the Consultant Agreement.[9]

## Motion to Transfer

NOV moved under 28 U.S.C. § 1404(a) to transfer the case to the United States District Court for the Southern District of Texas, Houston Division, in accordance with a forum-selection clause in the Consultant Agreement.[10] A hearing on the motion was held on May 31, 2017.

Paragraph 6.2 of the Consultant Agreement states:

> This Agreement, and any modifications to or extensions of this Agreement, shall be construed under and governed by the laws of the State of Texas without regard to conflicts of law provisions. Any action or proceeding arising out of or relating to this Agreement shall be brought in a court sitting in Harris County, Texas, and each of the parties irrevocably submits to the exclusive jurisdiction of such court in any such action or proceeding, waiving any objection it may now or hereafter have to venue or convenience of forum.[11]

---

[8] Doc. 11.

[9] *See* Doc. 9 at 12-19; *see also* Doc. 18 at 2.

[10] Doc. 5.

[11] Doc. 7-1 at 6.

-3-

Plaintiff acknowledges transfer is appropriate if its claims arise out of or relate to the Consultant Agreement.[12] Plaintiff maintains, however, its "claims are based on an entirely separate transaction, not founded, factually or legally on any part of the Consultant Agreement;"[13] an argument, which, unfortunately for Plaintiff, wholly ignores that the Consultant Agreement is at the heart of and forms the basis for NOV's counterclaim.

### 28 U.S.C. § 1404. Change of venue

A forum-selection clause that selects a particular federal district may be enforced by transfer under 28 U.S.C. § 1404(a):

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.[14]

A contractually valid forum-selection clause is to "be 'given controlling weight in all but the most exceptional cases.'"[15] "[It] is presumptively valid[.] [T]he party

---

[12] *See* Doc. 12 at 13.

[13] Doc. 12 at 24.

[14] 28 U.S.C. § 1404(a) (2012); *see also Atl. Marine Constr. Co. v. United States Dist. Court*, 134 S. Ct. 568, 579 (2013).

[15] *Atl. Marine Constr. Co.*, 134 S. Ct. at 579 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)).

seeking to avoid a forum selection clause bears a 'heavy burden' to establish a ground upon which [the court] will conclude the clause is unenforceable."[16]

Plaintiff's arguments in opposition to transfer are grounded in criteria governing permissive transfer, criteria addressed by the United States Supreme Court in *Atlantic Marine Construction Company*. The principles enunciated there, including that: (1) "plaintiff's choice of forum merits no weight;"[17] (2) the Court "should not consider arguments about the parties' private interests;"[18] and (3) transfer of a case to the forum named in the forum-selection clause "will not carry with it the original venue's choice-of-law rules,"[19] all mitigate against Plaintiff's position on transfer.

### Forum-Selection Clause

Plaintiff does not dispute the validity of the forum-selection clause itself. In addition, the parties agree the forum-selection clause is broad, applying to "[a]ny action or proceeding arising out of or relating to [the Consultant Agreement]."[20]

---

[16] *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17 (1972)).

[17] *Atl. Marine Constr. Co.*, 134 S. Ct. at 581.

[18] *Id.* at 582.

[19] *Id.*

[20] Doc. 7-1 at 6; *see also* Doc. 6 at 16, Doc. 12 at 15-16.

Plaintiff's argument that the clause has no application to the claims as asserted in the amended complaint is, however, wide of the mark.

The amended complaint alone demonstrates Plaintiff's claims "relate to" the Consultant Agreement. Moreover, the assertion that NOV failed to satisfy its obligation to support further development of ThermFlo technology through the NDIC grant process necessarily relies upon, and, indeed, references, the work completed under the Consultant Agreement.[21]

Federal Rule of Civil Procedure 13 governs the assertion of counterclaims. Here, NOV's counterclaim[22] unequivocally arises out of the Consultant Agreement, specifically paragraph 5.1 governing ownership of "inventions conceived or made as a result of or in performance of the services under [the Consultant Agreement]."[23] In its counterclaim, NOV specifically asserts "Plaintiff developed the ThermFlo pilot unit as a result of and in performance of the Consultant Agreement."[24]

---

[21] *See* Doc. 11 at 4-5 (alleging, *inter alia*, NOV agreed to support grant application "[b]ased on the successes of the preceding year.")

[22] NOV's counterclaim is properly before the Court. NOV's Answer to Amended Complaint states that "[b]oth its counterclaim and jury trial demand are incorporated by reference herein and expressly preserved." Doc. 18 at 2.

[23] Doc. 7-1 at 5; *see also* Doc. 9 at 12-19.

[24] Doc. 9 at 15.

Application of the principles of *Atlantic Marine Construction Company* in this case is both necessary and appropriate. The validity of the forum-selection clause is unrefuted. Consideration of Plaintiff's claims and NOV's counterclaim in conjunction with the plain language of the Consultant Agreement warrants transfer.

ORDERED:

1. Hearing[25] on Defendant's Motion to Transfer was held, as noted, on May 31, 2017.

2. NOV's Motion to Transfer[26] is GRANTED.

3. This case is transferred to the United States District Court for the Southern District of Texas, Houston Division.

DATED this 2nd day of June, 2017.

*[signature]*

SAM E. HADDON
United States District Judge

---

[25] *See* Doc. 15.

[26] Doc. 5.