UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DRAKE WATER TECHNOLOGIES, | § | |
| | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-17-1704 |
| | § | |
| NATIONAL OILWELL VARCO, L.P., | § | |
| | § | |
|    *Defendant*. | § | |

## ORDER

Pending before the court is a memorandum and recommendation ("M&R") in which the Magistrate Judge recommends that the court grant in part plaintiff Drake Water Technologies's ("Drake") motion for summary judgment (Dkt. 59) on defendant National Oilwell Varco's ("NOV") counterclaims. Dkt. 81. NOV has filed objections to the M&R. Dkt. 83. After considering the M&R, objections, relevant documents in the record, and the applicable law, the court is of the opinion that Drake's motion for summary judgment (Dkt. 59) should be GRANTED IN PART and DENIED IN PART for the reasons explained in full in the M&R. NOV's objections (Dkt. 83) should be OVERRULED and the M&R (Dkt. 81) should be ADOPTED IN FULL.

    A party may file objections to a Magistrate Judge's ruling fourteen days of being served with a copy of a written order. Fed. R. Civ. P. 72; *see also* 28 U.S.C. § 636(b)(1)(c). The standard of review used by the district court depends on whether the Magistrate Judge ruled on a dispositive or non-dispositive motion. *See* Fed. R. Civ. P. 72; *see also* 28 U.S.C. § 636(b)(1)(c). District courts must "modify or set aside any part of [an order on a nondispositive motion] that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). For dispositive motions, district courts "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R.

Civ. P. 73(b)(3). When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Comm. Note (1983).

NOV argues that the Magistrate Judge erred by (1) construing the term "invention" in the parties' Consultant Agreement to include only patentable technology; (2) disregarding a material fact issue as to whether test results from ThermFlo, a known technology that predates the Consultant Agreement, were patentable; and (3) disregarding a material fact issue as to whether the ThermFlo test results were an "invention" within the meaning of the Consultant Agreement. Dkt. 83.

The court has reviewed these issues de novo and fully agrees with the reasoning set out in the M&R. The Magistrate Judge correctly construed the term "invention" in the Consultant Agreement to only include "something conceived or made that was protectable and patentable." Dkt. 81 at 20. This construction comports with both the existing legal definition of the term "invention" as well as the other terms of the Consultant Agreement. *Id.*; *see also* 35 U.S.C. § 101. Further, the Magistrate Judge correctly decided that data produced during ThermFlo testing was neither patentable nor an "invention" under the Consultant Agreement.[1] Therefore, summary judgment is appropriate on NOV's invention rights claims.

The remaining portion of the M&R denies Drake's motion for summary judgment as to NOV's counterclaims for impermissible billing and requests further briefing on NOV's motions for summary judgment. Dkt. 81 at 22–28. Neither party has objected to this portion of the M&R and

---

[1] NOV's objections do not cite any law to support NOV's contention that test results, by themselves, may be patentable or qualify as an invention. *See* Dkt. 83 at 3–4. Finding no supporting law, the court fully agrees with and adopts the Magistrate Judge's analysis on this issue. Dkt. 81 at 20–22.

the court sees no "clear error on the face of the record." *See* Fed. R. Civ. P. 72(b), Advisory Comm. Note (1983). The court therefore fully adopts the remainder of the M&R.

NOV's objections to the M&R (Dkt. 83) are OVERRULED. The M&R (Dkt. 81) is ADOPTED IN FULL. Drake's motion for summary judgment (Dkt. 59) is GRANTED IN PART with respect to NOV's counterclaims pertaining to invention rights and DENIED IN PART with respect to NOV's counterclaim for impermissible billing. NOV's breach of contract and declaratory judgment counterclaims pertaining to invention rights are DISMISSED WITH PREJUDICE.

Signed at Houston, Texas on September 25, 2018.

_____
Gray H. Miller
United States District Judge